1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ESTEBAN QUINTERO and LETICIA QUINTERO**<br><br>                    **Plaintiff,**<br><br>     **v.**<br><br>**UNITED STATES OF AMERICA**<br><br>                    **Defendant.** | **1:08-cv-01890-OWW-SMS**<br><br>**MEMORANDUM DECISION REGARDING MOTIONS TO AMEND JUDGMENT (Doc. 61, 66, 70, 74)** |

## I. <u>INTRODUCTION</u>.

Following a bench trial on July 20, 2010, judgment was entered in favor of Plaintiffs Esteban Quintero ("Esteban") and Leticia Quintero ("Leticia") against the United States of America. (Doc. 55).

On August 11, 2010, Leticia filed a motion to amend the Judgment. (Docs. 61, 62). On August 16, 2010, Esteban filed a motion to amend the judgment. (Docs. 66, 67).

Leticia filed an "Amended Motion to Amend the Judgment" on August 17, 2010. (Doc. 70).

The United States filed opposition to Plaintiffs' motions on November 1, 2010. (Docs. 75, 76).

## II. <u>FACTUAL BACKGROUND</u>.

This action arises out of a vehicular accident in which

**1**

Plaintiffs' motorcycle was struck by a United States Postal Service vehicle. After a three-day bench trial, the court found that the United States was liable to Plaintiffs due to the fact that the driver of the postal vehicle that struck Plaintiffs negligently operated the vehicle within the scope of her public employment and proximately caused Plaintiffs' injuries.

Evidence established that, at the time of trial, the total amount paid by Esteban and his insurer for all medical care resulting from the accident was $74,864.83. The evidence also established that the total amount billed by care providers for Esteban's medical care was, $363,708.08, significantly higher than the total amount paid. The trial evidence established that the total amount paid in full payment for medical care by Leticia and her insurers was $4,245.88, and the billed amount for such care was $8,295.90.

### III. <u>LEGAL STANDARD</u>.

**A. Rule 52**

Federal Rule of Civil Procedure 52(b) permits a court to amend findings rendered after a bench trial. Rule 52(b) provides:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly.

Motions under Rule 52(b) are primarily designed to correct findings of fact which are central of the ultimate decision; the Rule is not intended to serve as a vehicle for rehearing. *Davis v. Mathews*, 450 F.Supp. 308, 318 (E.D. Cal. 1978).

**B. Rule 60**

Federal Rule of Civil Procedure 60(a) allows the court to

**2**

correct at any time, on its own initiative or on the motion of any party, a clerical mistake in a judgment, order or other part of the record. Rule 60(a) may be used by a court to make its decision reflect its actual intention and implications. *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990).  A court may amend its decision under Rule 60(a) so long as the change is consistent with the court's original intent. *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987).  Rule 60(a) may not be used to correct substantial errors, such as errors of law. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1997).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for six reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct of the adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released or discharged; and 6) any other reason justifying relief.  The six reasons are mutually exclusive, a motion cannot be brought under Rule 60(b)(6) if it falls into one of the other five areas. *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088 (9th Cir. 2001). A motion under Rule 60(b) must be brought in a reasonable time or within a year if brought under subsections (1), (2), or (3). Fed. R. Civ. P. 60(b).

///

**3**

**IV. <u>DISCUSSION</u>.**

**A. Esteban's Request to Increase Medical Damages Award**

Esteban seeks modification of the judgment in order to increase the amount of medical damages awarded. Esteban contends that he is entitled to medical damages equal to the full amount billed for his medical services, not the amount accepted by health care providers in full satisfaction of his medical debts. Although no published California authority establishes the rule advanced by Esteban, the issue of whether medical damages are limited to the amount actually paid for medical services is currently pending before the California Supreme Court. *See Howell v. Hamilton Meats & Provisions, Inc.*, 179 Cal. App. 4th 686, 706-07 (Cal. Ct. App. 2009) (holding that limiting damages to actual amounts paid by private insurer violated collateral source rule) *withdrawn by, petition for review granted at* 106 Cal. Rptr. 770 (Cal. 2010).

**1. The Hanif/Nashihama Rule**

In *Hanif v. Housing Authority*, the California Court of Appeal held:

> when the evidence shows a sum certain to have been paid or incurred for past medical care and services, whether by the plaintiff or by an independent source, that sum certain is the most the plaintiff may recover for that care despite the fact it may have been less than the prevailing market rate.

200 Cal. App. 3d 635, 641 (Cal. Ct. App. 1988). The California Court of Appeal affirmed the rule of *Hanif* in *Nishihama v. City and County of San Francisco*, 93 Cal. App. 4th 298, 306 (Cal. Ct. App. 2001). *Nishihama* reduced a jury's award of damages from $17,168, the amount billed for the plaintiffs medical care, to $3,600, the amount the care provider agreed to accept from plaintiff's insurer

**4**

as full payment for the plaintiff's medical care.  *Id.  Nishihama* is the last published pronouncement of the California Court of Appeal concerning the propriety of the *Hanif/Nishihama* rule.

In *Greer v. Buzgheia*, the California Court of Appeal clarified *Hanif* and *Nishihama* by holding that neither case establishes a rule of evidence:

> *Nishihama* and *Hanif* stand for the principle that it is error for the plaintiff to recover medical expenses in excess of the amount paid or incurred. Neither case, however, holds that *evidence* of the reasonable cost of medical care may not be admitted.

141 Cal. App. 4th 1150, 1157 (Cal. Ct. App. 2006) (emphasis added).[1]  Similarly, in *Olsen v. Reid*, 164 Cal. App. 4th 200, 203-04 (Cal. Ct. App. 2008), the Court of Appeal declined to address the parties' arguments regarding the propriety of the *Hanif/Nishihama* rule and instead approached the question of the proper measure of damages as an evidentiary issue:

> Olsen and amicus curiae ask this court to reconsider the holdings in cases such as *Hanif*...and *Nishihama*. Those cases held that when a plaintiff has medical insurance, damages are limited to the amount actually paid or incurred, not to any greater amount a medical provider billed, even if that amount was reasonable. We need not go that far, however, in order to decide this case.
>
> ...[The record is not] clear as to what was paid, what, if anything, was "written off," and to what extent Olsen remained liable for any further charges. The cryptic notations the court relied upon may reflect payments, or write-downs or write-offs; we cannot know, and if any evidence revealed the actual facts, they are not present in the record...
>
> Reid cross-appeals, arguing it was error for the trial court to permit the jury to hear evidence of the full measure of Olsen's medical damages. We squarely reject

---

[1] In *Greer*, the issue of whether a *Nishihama/Hanif* reduction was appropriate was not preserved for review and thus the court had no occasion to pass on the merits of the substantive rule.  *Id.*

1   this argument. Even the cases holding that a plaintiff is
2   entitled to the lesser amount of damages—those incurred
    rather than billed (and we do not decide that Reid was
3   entitled to such a hearing)—have approved  of the jury's
    hearing evidence as to the full amount of plaintiff's
4   damages. There is no reason to assume that the usual
    rates provided a less accurate indicator of the extent of
5   plaintiff's injuries than did the specially negotiated
    rates obtained by Blue Cross. Indeed, the opposite is
6   more likely to be true.

7   (citations and quotations omitted).

8   Three recent California Court of Appeals cases have

9   disapproved the *Hanif/Nishihama* rule. *See Howell v. Hamilton Meats*

10  *& Provisions, Inc.*, 179 Cal. App. 4th 686 (Cal. Ct. App. 2009);

11  *Yanez v. SOMA Environmental Engineering, Inc.*, 185 Cal. App. 4th

12  1313 (Cal. Ct. App. 2010); *King v. Willmett*, 187 Cal. App. 4th 313

13  (Cal. Ct. App. 2010).  These cases express the view that reducing

14  a damages award pursuant to *Hanif* and *Nishihama* where a plaintiff's

15  private insurance pays less than the billed amount in full

16  satisfaction of the plaintiff's medical debts violates the

17  collateral source rule.  *Willmett*, 187 Cal. App. 4th at 330;

18  *Howell*, 179 Cal. App. 4th at 703; *Yanez*, 185 Cal. App. 4th at 1331.

19  Each of these cases has been superceded by the California Supreme

20  Court's grant of review and may not be cited as, and are not,

21  authority pursuant to California Rules of Court rule 8.1115(a).[2]

22  *Id.*

23

24  _____

25  [2] "Except as provided in (b), an opinion of a California Court of Appeal or
    superior court appellate division that is not certified for publication or
26  ordered published must not be cited or relied on by a court or a party in any
    other action."  Cal. Rule. Ct. 8.115(a) (2010).  Esteban's failure to properly
27  acknowledge that the cases he urges on the court have been superceded by the
    California Supreme Court's grant of review and are not citable is inappropriate.
28  *See* Fed. R. Civ. P. 11.

**6**

### 2. The Collateral Source Rule

#### a. California's Collateral Source Rule

California has long adhered to the collateral source rule, *e.g. Peri v. Los Angeles Junction Ry. Co.*, 22 Cal.2d 111, 131 (1943), which "embodies the venerable concept that a person who has invested years of insurance premiums to  assure his medical care should receive the benefits of his thrift," *Helfend v. Southern California Rapid Transit Dist.*, 2 Cal. 3d 1, 9-10 (Cal. 1970).  As the California Supreme Court explained in *Helfend*,

> The collateral source rule expresses a policy judgment in favor of encouraging citizens to purchase and maintain insurance for personal injuries and for other eventualities. … If we were to permit a tortfeasor to mitigate damages with payments from plaintiff's insurance, plaintiff would be in a position inferior to that of having bought no insurance, because his payment of premiums would have earned no benefit. Defendant should not be able to avoid payment of full compensation for the injury inflicted merely because the victim has had the foresight to provide himself with insurance.

*Id*.

The collateral source rule has two components: (1) a substantive rule that prohibits reduction of the damages plaintiff would otherwise receive for plaintiff's receipt of collateral source compensation; and (2) an evidentiary rule that limits what the jury is told about plaintiff's receipt of collateral source compensation. *See, e.g., Arambula v. Wells*, 72 Cal. App. 4th 1006, 1015 (Cal. Ct. App. 1999); *see also Lund v. San Joaquin Valley Railroad*, 31 Cal. 4th 1, 8 (Cal. 2003).

As a general rule, California law prohibits admission of evidence regarding collateral source payments. *Lund*, 31 Cal. 4th at 10. In essence, evidence of collateral source payments is

**7**

subject to a presumption of exclusion under California Evidence Code section 352. *See Hrnjak v. Graymar, Inc.*, 4 Cal. 3d 725, 733 (Cal. 1971) ("If defendants fail to make an adequate showing [of substantial probative value of the evidence], the prejudicial impact of the collateral source evidence will render it inadmissible under Evidence Code section 352"). California Evidence Code section 352 provides:

> The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.

Cal. Evid. Code § 352 (2010). In determining whether to admit evidence regarding collateral source payments, California courts must evaluate the evidence under the standard set forth in California Evidence Code section 352, keeping in mind the California Supreme Court's admonition that "because collateral source evidence is 'readily subject to misuse by a jury,' the likelihood of misuse 'clearly outweighs' the value of such evidence" in most cases, *Lund*, 31 Cal. 4th at 8 (quoting *Eichel v. New York Central R. Co.,* 375 U.S. 253, 255 (1963)). As the California Supreme Court explained in *Lund*:

> The potentially prejudicial impact of evidence that a personal injury plaintiff received collateral insurance payments varies little from case to case. Even with cautionary instructions, there is substantial danger that the jurors will take the evidence into account in assessing the damages to be awarded to an injured plaintiff. Thus, introduction of the evidence on a limited admissibility theory creates the danger of circumventing the salutary policies underlying the collateral source rule. Admission despite such ominous potential should be permitted only upon a persuasive showing that the evidence sought to be introduced is of substantial probative value

**8**

*Id.* at 10 (*citing Hrnjak,* 4 Cal. 3d at 732-33).

A California court presented with collateral source evidence must first determine the threshold issue of whether the party offering the evidence has made a persuasive showing that the evidence is of substantial probative value. *Id*. In addition to considering the inherent probative value of the collateral source evidence, California courts must also consider other available evidence on the issue in question that would render resort to the collateral source evidence unnecessary. *See Hrnjak,* 4 Cal. 3d at 734 (noting that existence of alternative evidence mitigates against admission); *accord Eichel*, 375 U.S. at 255 (evidence should be inadmissible where other less prejudicial evidence on an issue exists). If the court finds that the evidence is of substantial probative value, the court must then apply California Evidence Code section 352 and determine whether the probative value of the evidence is substantially outweighed by the probability that admission will necessitate undue consumption of time or create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury. Cal. Evid. Code § 352.

### b. Federal Collateral Source Rule

Federal common law recognizes the collateral source rule. *See, e.g., McLean v. Runyon,* 222 F.3d 1150, 1155-56 (9th Cir. 2000)(applying federal common law collateral source rule); *Gill v. Maciejewski*, 546 F.3d 557, 564 (8th Cir. 2008) (same). The collateral source rule embodied in federal common law is not, however, a rule of evidence. *See, e.g., Runyon*, 222 F.3d at 1155-56 ("Under the collateral source rule, 'benefits received by the

**9**

plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages'")[3]. Admissibility of evidence in federal actions is governed by the Federal Rules of Evidence. *See, e.g., Bieghler v. Kleppe*, 633 F.2d 531, 533 (9th Cir. 1980) (applying federal rules of evidence in Federal Tort Claims Act case despite the fact that state law provided the substantive rule of decision); *see also England v. Reinauer Transp. Cos., L.P.*, 194 F.3d 265, 273 (1st Cir. 1999) ("When a case is being heard in federal court, the evidentiary, as opposed to the substantive, aspects of the collateral source rule are governed by the Federal Rules of Evidence, particularly Rules 401, 402, and 403") (citation omitted); *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 884 (10th Cir. 2006) (holding that Federal Rules of Evidence govern in diversity case, but noting that state rules of evidence may implicate the relevancy of certain evidence under Rule 401).

### 3.  Esteban's Damages Award

Esteban's medical damages were not limited pursuant to the *Hanif/Nishihama* rule.  To the contrary, the uncertainty of the *Hanif/Nishihama* limitation was recognized and the reasonable value of the medical services provided to Plaintiffs was determined based on the evidence adduced at trial.  The court's findings of fact and

---

[3] In *Eichel*, the Supreme Court analyzed a challenge to collateral source evidence and held that the risk of prejudice entailed by the evidence outweighed its probative value.  In light of *Eichel*'s case-specific analysis, that case does not establish an evidentiary rule prohibiting collateral source evidence in every instance.  *Accord McGrath v. Consolidated Rail Corp.* 136 F.3d 838, 841 (1st Cir. 1998) ("We do not read *Eichel* as requiring the per se exclusion of collateral source evidence in FELA cases").  In any event, *Eichel* predates the Federal Rules of Evidence, which establish an express standard for determining the admissibility of evidence that might be unduly prejudicial. *See* Fed. R. Evid. 403.

conclusions of law provide, in pertinent part:

    9. "The normal measure of [medical] damages for a person injured by another's tortious conduct is the reasonable value of medical care and services reasonably required and attributable to the tort." *Katiuzhinsky v. Perry*, 152 Cal. App. 4th 1288, 1294 (Cal. Ct. App. 2007) (citing *Hanif v. Hous. Auth.*, 200 Cal. App. 3d 635, 639 (Cal. Ct. App. 1988); *accord* Cal. Civ. Code § 3359 (2009) ("damages must, in all cases, be reasonable"); *see also Gimbel v. Laramie,* 181 Cal. App. 2d 77, 81-82 (Cal. Ct. App. 1960) ("If the court by reason of evidence adduced during the trial doubted the necessity or reasonableness of any part of the total hospital bill, it had no alternative but to deny the entire amount")...

    11. Whether a plaintiff may recover medical damages in excess of the amount accepted as full payment by the medical service provider is an unsettled question under California law that is currently pending review by the California Supreme Court. *See Howell v. Hamilton Meats & Provisions, Inc.*, 179 Cal. App. 4th 686, 706-07 (Cal. Ct. App. 2009) (rejecting *Hanif* rule) *withdrawn by, petition for review granted at* 106 Cal. Rptr. 770 (Cal. 2010). However, a court may consider the amount billed for medical services in determining the reasonable value of such services notwithstanding the rule set forth in *Hanif. See, e.g., Olsen v. Reid*, 164 Cal. App. 4th 200, 202 (Cal. Ct. App. 2008) (declining to reach Hanif/Nashihama issue and holding that consideration of amounts billed is appropriate in determining reasonable value of services); *Greer v. Buzgheia*, 141 Cal. App. 4th 1150, 1157 (Cal. Ct. App. 2006) (consideration of amounts charged appropriate in determining reasonable value of medical services); *Katiuzhinsky,* 152 Cal. App. 4th at 1295 (same); *Chapman v. Mazda Motor of Am.*, 7 F. Supp. 2d 1123, 1124-25 (D. Montana 1998)(same). Unless the finder of fact concludes that the reasonable value of medical services rendered to a plaintiff exceeds the amount that was actually paid for such services, the rule set forth in *Hanif* is not implicated. *See Greer*, 141 Cal. App. 4th at 1157 (countenancing trial court's practice of "reserving the propriety of a Hanif/Nishihama reduction until after the verdict")

    12. The only evidence in the record evidencing the reasonable value of the past medical services provided to Plaintiffs consists of the amounts billed by the service providers and the amounts accepted by the service providers in full satisfaction of these medical charges. In light of the fact that the service providers accepted reductions of the total billed amounts as full payment, [the record belies] a finding that the billed amounts represent the reasonable value of the services provided. The best evidence of the reasonable value of the services

1
2
3

> received by Plaintiffs contained in the instant record is
> the evidence showing the payments accepted by the medical
> service providers in full satisfaction of Plaintiffs'
> medical debts, which proves the actual loss.

4  (Doc. 52 at 15).

5      Acknowledging that the court did not rely on the

6  *Hanif/Nishihama* rule to limit Plaintiffs' damages, Esteban argues

7  that the court committed evidentiary error when it received

8  evidence regarding the amounts paid to satisfy his medical debts.

9  Esteban cites no authority for the proposition that federal courts

10  must apply the *evidentiary prong* of a state's collateral source

11  rule in determining the proper measure of damages in a Federal Tort

12  Claims Act (FTCA) case, rather than the Federal Rules of Evidence.

13      Ordinarily, the Federal Rules of Evidence apply in FTCA

14  actions, even when the Federal Rule implicates state substantive

15  legal policy concerns. *See, e.g., Brocklesby v. United States*, 767

16  F.2d 1288, 1292 (9th Cir. 1985) (applying Federal Rule of Evidence

17  408 to bar admission of settlement agreements to prove liability in

18  FTCA case without reference to state rules of evidence); *Beech*

19  *Aircraft Corp. v. United States*, 51 F.3d 834, 842 (9th Cir. 1995)

20  (applying Federal Rule of Evidecne 702 in FTCA action without

21  reference to state rules of evidence).  The Ninth Circuit has yet

22  to determine whether federal courts should apply a state's

23  collateral source evidentiary rule in an FTCA action, *see Siverson*

24  *v. United States*, 710 F.2d 557, 559 (9th Cir. 1983) (declining to

25  decide the issue because, even under state's rule, court had

26  discretion to admit evidence), however, at least one circuit court

27  of appeal has held that the Federal Rules of Evidence, not the

28  forum state's collateral source rule, govern admissibility of

collateral source evidence, *see England*, 194 F.3d at 273 ("When a case is being heard in federal court, the evidentiary, as opposed to the substantive, aspects of the collateral source rule are governed by the Federal Rules of Evidence, particularly Rules 401, 402, and 403") (citation omitted).[4]   Here, because evidence of collateral source payments is admissible under both the Federal Rules of Evidence and California's collateral source rule, Esteban's claim of evidentiary error is misplaced.

Under California law, where collateral source evidence is of substantial probative value regarding a disputed issue, a court may admit the evidence unless the probative value is substantially outweighed by the risk of prejudice. *Hrnjak,* 4 Cal. 3d at 732-31; *Lund*, 31 Cal. 4th at 10; Cal. Evid. Code § 352.[5]   Similarly, evidence of collateral source payments is admissible under the Federal Rules of Evidence unless its probative value is substantially outweighed by the danger of unfair prejudice. *See England*, 194 F.3d at 273 (holding that Rules 401 and 403 govern admissibility of collateral source evidence in federal court); *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1236 (5th Cir. 1986) (finding collateral source evidence admissible for limited purpose); *see also Sims*, 469 F.3d at 884 (holding that Federal Rules of Evidence govern questions of admissibility of evidence in

---

[4] Although adoption of the First Circuit's rule here is unnecessary, the reasoning of the rule expressed in *England* is particularly relevant to this case. California law itself recognizes a distinction between the substantive prong of its collateral source rule and its evidentiary counterpart, which is in essence a procedural rule. *See, e.g., Arambula*, 72 Cal. App. 4that 1015.

[5] None of the de-certified cases Esteban cites in support of his motion address the evidentiary prong of the collateral source rule, as each of the cases decided only the distinct issue of whether reduction of damages awards under *Hanif/Nishihama* was appropriate.

federal court even where state law supplies rule of decision).

Evidence of the actual amounts paid for Esteban's medical care was considered for the limited purpose of ascertaining the reasonable value of the medical services provided. As specifically noted in the findings of fact and conclusions of law, evidence regarding the amounts actually paid for Esteban's medical services was the only evidence of the value of such services submitted other than the billed amounts, which the court found were unduly inflated. In light of the limited evidence of damages offered by the parties, evidence of the amounts actually paid for all Esteban's medical services was substantially probative. There was no jury hearing Esteban's case. The risk of undue prejudice under Rule 403 resulting from the evidence was nonexistent. *Contra Lund*, 31 Cal. 4th at 8; ("because collateral source evidence is 'readily subject to misuse *by a jury*,' the likelihood of misuse 'clearly outweighs' the value of such evidence") (emphasis added); *Eichel,* 375 U.S. at 255 (same). The evidence of the amounts paid in full satisfaction of Esteban's medical debts was properly admitted under either the evidentiary prong of California's collateral source rule or under the Federal Rules of Evidence to show the value of the services and as bearing on the actual loss qua damages.[6]

---

[6] Esteban was free to offer qualified expert testimony to show that the amounts actually paid and accepted by his medical providers for his medical services reflected the value of collateral source benefits. Esteban could have offered evidence establishing the amounts typically paid by uninsured individuals for the medical services he received, or other evidence to show that the amounts paid for his medical services were not based on the reasonable value of such services. He did not. Absent such evidence, there is nothing in the record from which to conclude that the amounts paid for Esteban's medical services are not reliable evidence of the reasonable value of the services, or that the billed amounts are better evidence of the value of the services and extent of the loss.

1    At oral argument, the parties discussed the propriety of

2   staying the decision on this motion pending the California Supreme

3   Court's resolution of *Hamilton*, *Yanez*, and *Wilmett*.   Neither

4   *Hamilton*, *Yanez*, nor *Wilmett* concerns the evidentiary issue

5   implicated in this case.  *See Howell*, 179 Cal. App. 4th at 698

6   (distinguishing collateral source rule from "the closely related

7   principle that, as a *general rule*, *jurors* should not be told that

8   the plaintiff can recover compensation from a collateral source")

9   (emphasis added); *Willmett*, 187 Cal. App. 4th at 321 ("the

10  collateral source rule as expressed by case law has two components:

11  an evidentiary rule that limits what the jury is told about

12  plaintiff's receipt of collateral source compensation, and a

13  substantive rule that prohibits reduction of the damages...This

14  case involves the application of the substantive rule"); *Yanez*, 185

15  Cal. App. 4th at 1331 ("It could be argued that, in fairness, the

16  jury as fact finder should have heard evidence of both the billed

17  and discounted amounts since both are relevant to determining the

18  reasonable value of the services involved.   But that issue is

19  beyond the scope of this appeal...no such request was made in the

20  trial court").   Because it is unlikely that, in deciding either

21  *Hamilton*, *Yanez*, or *Wilmett*, the California Supreme Court will

22  abrogate the settled evidentiary principle that collateral source

23  evidence is admissible pursuant to California Evidence Code section

24  352,[7] *e.g. Hrnjak,* 4 Cal. 3d at 732-31, a stay is inappropriate*,*

25

26  [7] Even if the California Supreme Court breaks new ground and holds that
    collateral source evidence is always inadmissible for the purpose of ascertaining
27  the reasonable value of medical services, application of such a rule in FTCA
    actions is uncertain.   See *England*, 194 F.3d at 273 (rejecting application of
28  state's rule in favor of Federal Rules of Evidence); *Siverson*, 710 F.2d at 559
    (expressing uncertainty regarding the propriety of applying state's rule).

**15**

*see, e.g. Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936) ("in rare circumstances...a litigant in one cause [may] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both").[8] Esteban's motion to modify and/or stay the judgement in order to increase his medical damages award is DENIED.

**B. Leticia's Motion**

**1.  Collateral Source Argument**

Leticia's motion makes only the conclusory contention that the court did not address her collateral source argument, followed by an inappropriate unqualified citation to the uncitable *Yanez* and *Willmett* cases. Leticia's citation of *Yanez* and *Willmett* as "the most recent decisional law on the collateral source rule," without acknowledging that both cases have been superceded and have no precedential value, is a violation of the rules of professional conduct.  *See* Cal. Rule. Ct. 8.115(a); Fed. R. Civ. P. 11. Further, Leticia's contention lacks merit, as her damages argument was expressly addressed by the findings of fact and conclusions of law. (Doc. 52 at 15).  To the extent Leticia's motion is based on the same contentions advanced by Esteban, it is denied for the same reasons discussed above.

**2.  Non-economic Damages**

Leticia correctly notes that the findings of fact and conclusions of law do not contain a damages award for the pain and suffering she endured as a result of her injuries.  Based on the

---

[8] Evaluation of all the *Landis* factors is necessary, as no party has formally requested a stay.  At oral argument, Leticia's counsel and Esteban's counsel expressed different opinions on the propriety of a stay.

limited evidence of Leticia's pain and suffering presented at trial, ten thousand ($10,000) dollars is a reasonable amount for Leticia's pain and suffering.

### ORDER

For the reasons stated, IT IS ORDERED:

1) Esteban's motion is DENIED;

2) Leticia's motion is DENIED with respect to her request to increase the amount of her medical damages and GRANTED with respect to her request to amend the judgment to include an award for pain and suffering;

3) The Judgment will be amended to award an additional $10,000.00 to Leticia for her pain and suffering caused by the accident.

IT IS SO ORDERED.

**Dated:    December 6, 2010**            **/s/ Oliver W. Wanger**
                               UNITED STATES DISTRICT JUDGE

17